THE LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

THE LAW OFFICES OF JOHN L. BURRIS
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA (PLN 477528)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
julia.quesada@johnburrislaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MORA, an individual;<br><br>                    Plaintiff,<br>          vs.<br><br>CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; DOES 1-20, inclusive, individually and in their official capacities as police officers for the Los Angeles Police Department; and DOES 21-40, inclusive, individually and in their official capacities as sheriff's deputies for the Los Angeles County Sheriff's Department, | Case No.:<br><br><u>COMPLAINT FOR DAMAGES</u><br><br>42 U.S.C. § 1983: First & Fourth Amendments<br>Cal. Civ. Code § 52.1<br>Pendent Tort Claims<br><br><u>**JURY TRIAL DEMANDED**</u> |

*Law Offices of John L. Burris*
*9701 Wilshire Blvd., Suite 1000*
*Beverly Hills, California 90212*
*Telephone: (310) 601-7070*

1

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

Defendants.

## **INTRODUCTION**

1.      This civil rights case arises out the egregious and unjustified harm inflicted upon Ms. Erica Mora by law enforcement officers of the Los Angeles Police Department and/or the County of Los Angeles Sheriff's Department, where Ms. Mora was shot in the eye with a rubber bullet without just cause or provocation, after exercising her First Amendment right to peaceful protest police brutality on May 30, 2020.

2.      On May 25, 2020, George Floyd was murdered by Minneapolis police officers. After bystander videos capturing the unconscionable actions of Derek Chauvin pinning Mr. Floyd to the ground, knee to neck, for nearly eight minutes, where Mr. Floyd can be heard gasping for air, stating "I can't breathe" repeatedly, made national and international news, protests in outrage erupted across the world.

3.      On May 26, 2020, hundreds of protesters took to the streets of Minneapolis. In the subsequent days, demonstrations expanded across the Nation. From Memphis to Chicago, to Louisville, to Brunswick, to Atlanta, to Los Angeles, and many others, demonstrations and protests over the wrongful deaths of George Floyd, Breonna Taylor, and Ahmaud Arbery, a mere fraction of the lives wrongfully taken at the hands of law enforcement, took over city streets. From larger cities and smaller cities alike, the public outcry for officer accountability and police reform is abundantly clear.

4.      Nevertheless, the government's response to these protests and demonstrations – that is, protests against police brutality – was violent, mostly unjustified, and provided a transparent display of law enforcements' aggressive and militaristic tactics, used widely across the United States. Law enforcement officers elected to inflict physical force, tear gas, and rubber bullets, against demonstrators, including those who were protesting in peace, as a means of deterrence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

5.     On May 30, 2020, Ms. Mora joined the hundreds of thousands of protestors across the Country and took the streets of Los Angeles to protest against the continued uses of excessive and deadly force by law enforcement, where she was violently attacked without justification. As a result, Ms. Mora sustained tragic, life-altering injuries after officers discharged a rubber bullet, striking her in the eye, causing permanent injury.

6.     This action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the unjustified, grossly excessive, and thereby entirely unreasonable, use of force inflicted upon Ms. Mora.

## JURISDICTION AND VENUE

7.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Beverly Hills, County of Los Angeles, California, which is within the judicial district of this Court.

8.     This Court has Supplemental Jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal claims in this action as to arise out of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

10.     Plaintiff, ERICA MORA (hereinafter "Plaintiff"), is and was at all times mentioned herein, an individual residing in the state of California and is a United States Citizen.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

11.     Defendant, CITY OF LOS ANGELES (hereinafter "City") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Los Angeles Police Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City was the employer of DOES 1-20 (hereinafter, collectively, "Defendant DOE Officers"), individually and in their official capacities as police officers for the City of Los Angeles Police Department.

12.     Defendant, COUNTY OF LOS ANGELES (hereinafter "County") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the County of Los Angeles Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant County was the employer of DOES 21-40 (hereinafter, collectively, "Defendant DOE Deputies"), individually and in their official capacities as deputies for the County of Los Angeles Sheriff's Department.

13.     Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 10, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of

**COMPLAINT FOR DAMAGES**

negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 10, inclusive, when they have been ascertained.

14.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 11 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 11 through 20 were responsible for the training, supervision and/or conduct of the officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 11 through 20 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 11 through 20, inclusive, when they have been ascertained.

15.    Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 21 through 30, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 21 through 30, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 21 through 30, inclusive, when they have been ascertained.

16.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 31 through 40, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 21 through 40 were responsible for the training, supervision and/or conduct of the deputies and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 31 through 40 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 31 through 40, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff is required to comply with the administrative procedures set forth in the California Government Claims Act.

18.    Plaintiff filed a claim against the City of Beverly Hills for the acts and omissions alleged herein on July 25, 2020. The claim was rejected on September 21, 2020.

19.    Plaintiff filed a claim against the City of Los Angeles for the acts and omissions alleged herein on July 24, 2020. The claim was rejected on September 8, 2020.

20.    Plaintiff filed a claim against the County of Los Angeles for the acts and omissions alleged herein on July 24, 2020. The claim was rejected on October 22, 2020.

21.    Accordingly, Plaintiff has exhausted all administrative remedies pursuant to section 910 of the California Government Code.

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

**COMPLAINT FOR DAMAGES**

**PRELIMINARY ALLEGATIONS**

22.     The City of Los Angeles is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the First, Fourth and Fourteenth Amendments of the United States Constitution for the acts and omissions of Defendants DOES 1 through 20, and each of them, who at the time they caused Plaintiff's injuries, damages, were duly appointed, qualified and acting officers, employees, and/or agents of Defendant City and acting within the course and scope of their employment and/or agency.

23.     The County of Los Angeles is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the First, Fourth and Fourteenth Amendments of the United States Constitution for the acts and omissions of Defendants DOES 21 through 40, and each of them, who at the time they caused Plaintiff's injuries, damages, were duly appointed, qualified and acting deputies, employees, and/or agents of Defendant County and acting within the course and scope of their employment and/or agency.

24.     Each of the Defendants caused, and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

25.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 40, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

## **GENERAL ALLEGATIONS**

26.    On May 30, 2020, Ms. Mora joined hundreds of protestors and demonstrators in the Fairfax District, near Beverly Boulevard and the Grove in the City of Los Angeles, to voice her opposition to the extensive, continued mistreatment and brutality of members of the Black and brown communities by law enforcement, following the egregious death of George Floyd, Breonna Taylor, and Ahmaud Arbery.

27.    After coming across information on social media about a protest in the Fairfax District, Plaintiff coordinated her rides to and from, and set out to exercise her First Amendment right to free speech. Plaintiff arrived at the Grove around 5:00 p.m. with the intention of participating in the demonstration, but leaving before the City's imposed curfew of 8:00 p.m.

28.    Although curfew was hours away, it was immediately apparent that tensions were high and there was a significant police presence, demonstrators remained peaceful, however. Armed police officers and sheriff's deputies were lined up on Beverly Boulevard and could be seen on rooftops of nearby buildings. Protestors responded to the threatening presence of law enforcement with a clear understanding that law enforcement was responding violently across the nationwide protests by use of tear gas and rubber bullets. As such, a group of protestors began to create a barricade with trash cans. Realizing she was in the middle of the action, Plaintiff held her ground.

29.    Exercising her voice loud and proud, Plaintiff remained in unity with her fellow protestors. In the midst of all the chanting, law enforcement began throwing smoke bombs of tear gas directly into the demonstration. As protestors started moving away from the cloud of smoke, Plaintiff could see one of the armed officers on the rooftops staring her down. No matter when Plaintiff moved, the officers' attention followed.

**COMPLAINT FOR DAMAGES**

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

30.    After participating for almost two hours and as she was nearing the post office on Beverly Boulevard, Plaintiff was preparing to get picked up from the protest around 7:15 p.m., forty-five minutes before curfew. Plaintiff was stunned and caught completely off guard when she felt an immense impact to her face and stumbled. Unaware of what she was shot with, where the shot came from, and who shot her, Plaintiff began to feel a severe burning sensation around her eye. Plaintiff could not see anything except blood dripping off her face, Plaintiff was terrified, in excruciating pain, and was unsure about what had just happened. All she knew was that police were starting to move closer and closer towards her and the group of people helping her.

31.    With the aid of other protesters, Plaintiff left the vicinity and was taken to Olympia Medical Center for treatment, where other protestors who were also shot with rubber bullets by law enforcement were receiving treatment. After having trouble getting the care that she needed at Olympia Medical Center, Plaintiff went on to Cedar Sanai Medical Center for further evaluation and treatment.

32.    Plaintiff was treated for two fractures to her eye socket, which she still suffers from today, including blurred vision, scarring, sunlight sensitivity, spotty vision, and migraines.

33.    Plaintiff is informed and believes, and thereon alleges, that the Defendant DOE deputies and officers proceeded without warning, cause or provocation, to assault, batter, and cause Plaintiff emotional distress, through acts which included but were not limited to, unjustifiably discharging rubber bullets from a department-issued device at Plaintiff's person.

34.    At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to neither the tactically-positioned Defendant DOE deputies and officers, nor any other individual, to justify the egregious and excessive force used against her.

**COMPLAINT FOR DAMAGES**

35.    Moreover, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy or police officer that she had the will or the ability, to inflict substantial bodily harm against any individual.

36.    Furthermore, Defendant DOE deputies and/or officers who fired rubber bullets at Plaintiff were never faced with any circumstances which would have led a reasonable sheriff's deputy and/or police officer to believe that Plaintiff posed the risk of death or serious bodily injury to any person. Such force inflicted against Plaintiff by Defendant DOE deputies and officers was grossly excessive, entirely unnecessary, and thereby unconstitutional.

37.    Plaintiff suffered devastating, life-altering physical and emotional injuries as the direct and proximate result of the rubber bullet wound inflicted upon her person by the Defendant DOE deputies and officers.

38.    The actions and omissions of the City, County, and Defendant DOE deputies and officers of the Los Angeles Police Department and/or County of Los Angeles Sheriff's Department were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies, and procedures of the City, County, and/or other jurisdictions.

39.    Plaintiff is informed and believes, and thereon alleges, that DOES 11-20, inclusive, and DOES 31-40, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-10 and DOES 21-30. Their failure to discipline DOES 1-10, inclusive, and DOES 21-30, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests, the use of excessive force, and the failure to treat the serious medical needs of Los Angeles County citizens.

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

39. Plaintiff is informed and believes, and thereon alleges, that members of the City of Los Angeles Police Department, including but not limited to, DOES 1-20, and/or each of them, and members of the County of Los Angeles Sheriff's Department, including but not limited to, DOES 21-40, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Plaintiff.

40. Plaintiff is informed and believes, and thereon alleges, that the City of Los Angeles Police Department and/or the County of Los Angeles Sheriff's Department, knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

41. At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiff's rights, and in the alternative, negligent and objectively unreasonable, and therefore, unlawful.

## **DAMAGES**

42. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First and Fourth Amendments, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

41. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

///

///

# FIRST CAUSE OF ACTION
## (42 U.S.C. § 1983)
### (Violation of the 4th Amendment of the U.S. Constitution – Excessive Force)
### (Plaintiff ERICA MORA Against Defendants DOES 1-10 and DOES 21-30)

42.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 41 of this Complaint.

43.    42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

44.    Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against her.

45.    Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

46.    Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

47.    Plaintiff posed no threat to the Defendants at any point, including when Plaintiff was shot in the eye with a rubber bullet.

48.    There was no need for the use of any force against Plaintiff because she was completely calm, cooperative, and unresisting at all times during the incident. In fact, she was peacefully protesting against police brutality when she was inflicted with a rubber bullet to the face, suffering two fractures in her eye socket.

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

49.    The use of force in discharging rubber bullets was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

50.    In using excessive force, the Defendants were acting in accordance with widespread informal practices and customs maintained by the City, County, Los Angeles Police Department, and County of Los Angeles Sheriff's Department.

51.    Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

52.    The conduct alleged herein caused Plaintiff to be deprived of her civil rights which are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

53.    The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of the 1st Amendment of the U.S. Constitution – Right to Free Speech and Peacefully Protest)
### (Plaintiff ERICA MORA Against Defendants DOES 1-10, and DOES 21-30)

54.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 53 of this Complaint.

55.    At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

**COMPLAINT FOR DAMAGES**

56.    Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of her right to protest police action, liberty, and free movement.

57.    The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

58.    As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (42 U.S.C. § 1983)
#### (Monell – Municipal Liability for Unconstitutional Custom or Policy)
#### (Plaintiff ERICA MORA Against Defendants
#### CITY, COUNTY, DOES 11-20, and DOES 31-40)

59.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 58 of this Complaint.

60.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City and/or County is liable for all injuries sustained by Plaintiff as set forth herein. Defendant City and/or County bears liability because their policies, practices and/or customs were a cause of Decedent Jacob's death and Plaintiffs' injuries.

61.    On information and belief, Defendants' and DOES 1 through 10, inclusive, and DOES 21 through 30, inclusive, conduct, individually and as peace officers, was ratified by the City's police department supervisorial officers DOES 11-20, and/or the County's sheriff's department supervisorial deputies DOES 31-40.

62.    On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

Law Offices of John L. Burris
9701 Wilshire Blvd. Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

**COMPLAINT FOR DAMAGES**

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

63.    Prior to, and continuing from, May 30, 2020, Defendant DOE Deputies and/or Officers, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to her by the First, Fourth and Fourteenth Amendments of the United States Constitution, in that said Defendants, and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff's, and of persons in her class, situation, and comparable position in particular, knowingly maintained, enforced, and applied, an official recognized custom, policy, and/or practice of:

a)  Employing and retaining as officers, deputies, detectives, and other personnel, including Defendant DOE Deputies and/or Officers, individually and as peace officers, who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Los Angeles Police Department and/or County of Los Angeles Sheriff's Department policies, including the use of excessive and deadly force, and respecting the protections afforded to citizens under the Fourth Amendment;

b)  Inadequately supervising, training, controlling, assigning, and disciplining Defendant DOE Deputies and/or Officers, detectives, and other personnel, including Defendant DOE Deputies and/or Officers who Defendant City and/or Defendant County knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c)  Inadequately supervising, training, controlling, assigning, and disciplining Defendant DOE Deputies and/or Officers, detectives, and other personnel, including Defendant DOE Deputies and/or

**Law Offices of John L. Burris**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

Officers, in responding to individuals who were peacefully protesting;

d) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendant DOE Deputies and/or Officers who are police officers for Defendant City and/or sheriff's deputies and/or detectives for Defendant County;

e) Failing to discipline Defendant DOE Deputies and/or Officers and/or detectives for their misconduct, including but not limited to, unlawful seizures and excessive force;

f) Ratifying the intentional misconduct of Defendant DOE Deputies and/or Officers and other agents who are peace officers and/or detectives of Defendant City and/or Defendant County;

g) Having and maintaining an unconstitutional policy, custom and practice, of detaining and arresting individuals without probable cause or reasonable articulable suspicion, and using excessive force, demonstrated through inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with deliberate indifference to individuals' rights, safety and welfare; and

h) Failing to properly investigate claims of unlawful seizures and excessive force by Defendant DOE Deputies and/or Officers and/or detectives.

64.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff sustained severe injuries, was inflicted with pain and suffering, and lost her earning capacity, for which Plaintiff is entitled to recover damages.

65.     Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

66.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Moreover, Defendants' actions were willful, wanton, intentional, oppressive, malicious, fraudulent, extremely offensive and outright unconscionable, to any person of normal sensibilities.

67.     Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by Plaintiff.

68.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of California Civil Code §52.1)**
**(Plaintiff ERICA MORA Against Defendants**
**CITY, COUNTY, DOES 1-11, and DOES 21-30)**

69.     Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 78 of this Complaint.

70.     Defendants DOE Deputies' and/or Officers' aforementioned conduct constituted interference, and attempted interference, by threats, intimidation and

**COMPLAINT FOR DAMAGES**

Law Offices of John L. Burris
9701 Wilshire Blvd. Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States of America and the State of California, in violation of California Civil Code §52.1.

71.     As a direct and proximate results of Defendants' violation of California Civil Code § 52.1, Plaintiff suffered violations of her constitutional rights and suffered damages as set forth herein.

72.     Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees, pursuant to California Civil Code § 52.1(h).

73.     Plaintiff is entitled to treble damages, but in no case less than $4,000.00, and an award of reasonable attorney's fees, pursuant to California Civil Code § 52(a).

74.     Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees, and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Assault/Battery)
### (Plaintiff ERICA MORA Against Defendants DOES 1-11 and DOES 21-30)

75.     Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 74 of this Complaint.

76.      Defendant DOE Deputies and/or Officers egregiously and unjustifiably shot Plaintiff without cause or provocation. Defendant DOE Deputies' and/or Officers' conduct was neither privileged nor justified under any statute, common-law, or policy.

77.     The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendant DOE Deputies, including DOES 1-11, and/or Defendant DOE Officers, including DOES 21-30, are liable for injuries caused by their acts and/or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOE Deputies and/or Officers were acting within the

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

course and scope of their employment and/or agency with Defendant City and/or County. As such, Defendant City and/or County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant DOE Deputies, including DOES 1-11, and/or Defendant DOE Officers, including DOES 21-30, pursuant to section 815.2 of the California Government Code.

78. Defendants caused Plaintiff to be shot in the eye with a rubber bullet with the unlawful intent to harm her.

79. Plaintiff did not consent to the touching and was harmed by it.

80. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

81. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Plaintiff ERICA MORA Against Defendants DOES 1-11 and DOES 21-30)

82. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 81 of this Complaint.

83. Defendants' conduct as described herein was outrageous.

84. Defendants intended to cause Plaintiff emotional distress.

85. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

86. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

87.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

88.    The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Negligence)
### (Plaintiff ERICA MORA Against Defendants DOES 1-40)

89.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 88 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

90.    The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1 through 11, and DOES 21 through 30, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOES 1 through 11, and DOES 21 through 30, were acting within the course and scope of their employment and/or agency with Defendant City and/or County. As such Defendant City and/or County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant DOES 1 through 11, and DOES 21 through 30, pursuant to section 815.2 of the California Government Code.

91.    Defendant City and/or County, and DOES 1-11 and 21-30, are liable for negligent pre-arrest tactics preceding the use of deadly force. The use of rubber bullets discharged at a peaceful protestor's face can constitute the use of deadly force.

Law Offices of John L. Burris
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

92.    Defendant DOE Deputies and/or Officers acted negligently in their pre-arrest tactics preceding the use of excessive and/or deadly force against Plaintiff when they failed to perform a reasonable evaluation of the circumstances prior to discharging their weapons. Defendant DOE Deputies and/or Officers had no credible or otherwise objectively reasonable threat to their safety or that of another person, to justify the excessive and/or deadly force inflicted upon Plaintiff. Plaintiff was peacefully protesting and demonstrating against the widespread epidemic of police brutality, when Defendant DOE Deputies and/or Officers discharged their firearm, striking Plaintiff in the eye with a rubber bullet. Plaintiff did not make any furtive gestures, threatening statements, or aggressive actions.

93.    Defendant DOE Deputies and/or Officers were further negligent in failing to warn before their use of deadly force as their training requires.

94.    Defendant DOE Deputies' and/or Officers' negligence was the proximate cause of Plaintiff's death, the direct cause being the illegal, unjustified, and, in the alternative, negligent shooting of Plaintiff.

95.    Finally, Defendant DOE Deputies and/or Officers are liable for negligently failing to intervene when fellow deputies and/or officers violate the constitutional rights of another.

96.    Defendant DOE Deputies and/or Officers were negligent in failing to intervene as Plaintiffs First and Fourth Amendment rights were violated by the illegal and unjustified shooting inflicted upon her. It was clear that the use of force was excessive and would likely cause substantial physical and emotional harm to Plaintiff, yet none of the Defendant DOE Deputies and/or Officers intervened, or even attempted to intervene, during the entirety of this encounter.

97.    Plaintiff was harmed physically, mentally, emotionally, and financially, and Defendant DOE Deputies' and/or Officers' negligence was a direct and substantial factor in causing this harm.

**COMPLAINT FOR DAMAGES**

Law Offices of John L. Burris
9701 Wilshire Blvd, Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Law Offices of John L. Burris**
9701 Wilshire Blvd. Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070

98.     Plaintiff suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### **JURY DEMAND**

99.     Plaintiff hereby demands a jury trial in this action.

### **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. Compensatory damages in a sum according to proof;
2. For general damages in a sum according to proof;
3. For special damages in a sum according to proof;
4. For punitive damages in a sum according to proof, as to Defendant DOE Officers and DOES 1-11; and/or Defendant DOE Deputies and DOES 21-30.
5. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;
6. For any and all statutory damages allowed by law;
7. For cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: March 8, 2021                    **LAW OFFICES OF JOHN L. BURRIS**


                                        /s/ *DeWitt M. Lacy*
                                        DeWitt M. Lacy
                                        Attorney for Plaintiff