UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MORA, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, COUNTY OF LOS ANGELES, a municipal entity; DOES 1-20, inclusive, individually and in their official capacities as police officers for the Los Angeles Police Department; and DOES 21-40, inclusive, individually and in their Official capacities as sheriff's deputies for the Los Angeles County Sheriff's Department,<br><br>          Defendants. | Case No. 2:21-CV-02115 DSF (JCx)<br><br>[Assigned to Judge Dale S. Fisher, Courtroom 7D]<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>[Discovery Document: Referred to Magistrate Judge Jacqueline Chooljian]<br><br>[CHANGE MADE TO ¶ 6.1] |

1. **GENERAL**

　　1.1　**Purposes and Limitations.**

　　Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and/or from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties to this action (hereinafter, the "Parties" collectively and a "Party" individually) hereby stipulate to and petition the Court to

enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and/or under this Stipulated Protective Order.

The Parties agree that any disclosures pursuant to the instant Stipulated Protective Order shall not be construed as a waiver of applicable privilege with regard to any subsequent third-party litigants.  The Parties further agree that the production of documents pursuant to the instant Stipulated Protective Order has no bearing on their admissibility. Thus, documents otherwise admissible remain admissible, and documents otherwise inadmissible remain inadmissible.

### 1.2     Good Cause Statement.

This action involves the City of Los Angeles and members of the Los Angeles Police Department, as well as the County of Los Angeles and members of the Los Angeles County Sheriff's Department. Plaintiff is seeking materials and information that Defendants City of Los Angeles and County of Los Angeles (collectively, "Defendants") maintain as confidential, such as personnel files of the law enforcement officers involved in the subject incident, Internal Affairs materials and information, video recordings (including Body-Worn Video recordings and Digital In-Car Video recordings), audio recordings, and information and other administrative materials and information currently in the possession of the Defendants and that the Defendants believe needs special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Plaintiff may also seek official information contained in the personnel files of the law enforcement officers involved in the subject incident, which the Defendants maintain as strictly confidential and which the Defendants believe needs special protection from public disclosure and from use for any purpose other than prosecuting this litigation.

Defendants assert that the confidentiality of the materials and information sought by Plaintiff is recognized by California and federal law, as evidenced by, *inter alia*, California Penal Code section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). Defendants have not publicly released the materials and information referenced above except under protective order or pursuant to a court order, if at all. These materials and information are of the type that has been used to initiate disciplinary action against Defendants' officers, and has been used as evidence in disciplinary proceedings, where the officers' conduct was considered to be contrary to policy.

Defendants contend that, absent a protective order delineating the responsibilities of nondisclosure on the part of the Parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals, and/or expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment, and/or professional and/or legal harm on the part of the officers referenced in the materials and information.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that the information and/or documents in question have been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

/ / /

/ / /

2. **DEFINITIONS**

    2.1    **Action**: *Erica Mora v. City of Los Angeles, et al.*, Case No. 2:21-CV-02115 DSF (JCx).

    2.2    **Challenging Party:** A Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    **"CONFIDENTIAL" Information or Items:** Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Fed.R.Civ.P. Rule 26(c), and/or as specified above in the Good Cause Statement. This also includes (1) any information copied or extracted from the Confidential information; (2) all copies, excerpts, summaries, abstracts, or compilations of Confidential information; and (3) any testimony, conversations, or presentations that might reveal Confidential information.

    2.4    **Counsel:** Counsel of record for the Parties to this civil litigation and their support staff.

    2.5    **Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8    **House Counsel:** Attorneys other than Counsel (as defined in paragraph 2.4) and who are employees of a Party to this Action.

    2.9    **Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10** **Outside Counsel of Record:** Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

**2.11** **Party:** Any Party to this Action, including all of its officers, directors, boards, departments, divisions, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12** **Producing Party:** A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13** **Professional Vendors:** Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14** **Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.15** **Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

/ / /

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, and/or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

///

**5.2** **Manner and Timing of Designations.** Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or words of a similar effect, and the case name and case number (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

///

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1  Challenges**.  This Order shall be without prejudice to the right of the Parties, to the extent consistent with the Court's Scheduling Order (i) to bring before the Court the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the Parties in any way in any future application or modification of this Order.

**6.2  Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.3  Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.  To avoid ambiguity as to whether a challenge has been made, the written notice pursuant to Local Rule 37.1 must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may seek judicial intervention only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely matter.

**6.4  Burden.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1  Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Receiving Parties shall take reasonable steps to prevent disclosure of Protected Material to any third party not authorized to receive the Protected Material pursuant to the terms of this Order.

**7.2  Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel of Record in this Action, as well as their respective associates, clerks, legal assistants, support personnel, and

investigators and litigation support services (photocopy services or transcription services) who have signed the "Nondisclosure Agreement" (Exhibit A);

   (b) Any designated or retained Experts (as defined in this Order) and their employees, hired by any Party who has signed the "Nondisclosure Agreement" (Exhibit A);

   (c) The Court and its personnel;

   (d) Court reporters and their staff;

   (e) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Nondisclosure Agreement" (Exhibit A);

   (f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information before it was disclosed in this Action;

   (g) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided (1) the deposing party requests that the witness sign the form attached as Exhibit "A" hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Nondisclosure Agreement" (Exhibit "A"), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Nondisclosure Agreement" (Exhibit A).

  **7.3** Counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreement until sixty (60) days after this litigation has become final, including any appellate review,

and any monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Designating Party, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party, including with such notice a copy of the subpoena or court order;

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including with such notice a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Nondisclosure Agreement" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). After being notified, the Receiving Parties must (i) promptly return, sequester, or destroy the specified information and any copies it has; (ii) not use or disclose the information until the claim is resolved; and (iii) take reasonable steps to retrieve the information if any Receiving Party disclosed it before being notified. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

### 12. MISCELLANEOUS

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2** <u>**Non-Waiver.**</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

**12.3** <u>**Right to Assert Other Objections.**</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.4** <u>**Filing Protected Material.**</u> A Party may not file in the public record in this action or in any other action Protected Material without first seeking to file the Protected Material under seal pursuant to this Paragraph. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5 and this Court's Standing Orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Central District of California Local Rule 79-5, a sealing order will issue only upon a written application establishing that the Protected Material is entitled to protection under the law.  However, only the portions of documents, including briefs, exhibits, or any other moving or opposing papers that contain Protected Material need to be filed under seal.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**12.5** <u>**Enforceability.**</u> The validity, construction, and performance of this Stipulated Protective Order shall be governed and construed in accordance with the laws of the State of California applicable to contracts made and to be wholly performed within such state, without giving effect to any conflict of laws provisions thereof.  The federal and state courts located in California shall have sole and

exclusive jurisdiction over any disputes arising under, or in any way connected with or related to, the terms of this Agreement and Receiving Party: (1) consents to personal jurisdiction therein; and (ii) waives the right to raise *forum non conveniens* or any similar objection.

## 13. FINAL DISPOSITION

After the FINAL DISPOSITION of this Action, as defined in Paragraph 4, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

## 14. VIOLATION

Any violation of this Order may be punished by appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4886-1002-6514 v1

- 15 -

2:21-CV-02115 DSF (JCx)
STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:   March 2, 2022                    LAW OFFICES OF JOHN L. BURRIS


By: */s/ DeWitt M. Lacey*
DeWitt M. Lacey
Attorneys for Plaintiff ERICA MORA


Dated:   March 2, 2022                    BURKE, WILLIAMS & SORENSEN, LLP


By:  */s/ Mark J. Austin*
Mark J. Austin
Attorneys for Defendant CITY OF LOS ANGELES


Dated:   March 2, 2022                    LAWRENCE BEACH ALLEN & CHOI, P.C.


By:  */s/ Michael D. Allen*
Michael D. Allen
Attorneys for Defendant COUNTY OF LOS ANGELES

1  Having considered the papers, the finding that good cause exists, the Parties'
2  Stipulated Protective Order is granted.
3  IT IS SO ORDERED.

4
5  Dated:   March 9, 2022                /s/
                                  HON. JACQUELINE CHOOLJIAN
6                                 UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A"

## NONDISCLOSURE AGREEMENT

I, _____ [print or type full name] of _____[print or type full address] do solemnly swear that I have read in its entirety and understand the terms of the Protective Order entered in *Erica Mora v. City of Los Angeles, et al.*, United States District Court for the Central District of California, Central Division, Case No. 2:21-CV-02115 DSF (JCx), and hereby agree to comply with and be bound by the terms and conditions of said Order.

I understand and acknowledge that failure to comply could expose me to sanctions and/or punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in compliance with the provisions of this Order.

I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order, even if such enforcement proceedings occur after the termination of the *Erica Mora* case.

Dated:                              Signed: